IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beverly Malvern, | No. CV 11-167-TUC-FRZ (HCE) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| Tucson Medical Center; et. al., | |
| Defendants. | |

The Court, pursuant to 28 U.S.C. § 1915 has granted Plaintiff's Motion to Proceed *In Forma Pauperis* and dismissed Plaintiff's original complaint with leave to amend. (Doc. No. 7). Now pending before the Court is Plaintiff's Amended Complaint (Doc. 8). For the following reasons, the Magistrate Judge recommends that the District Court dismiss Plaintiff's Amended Complaint and this action without prejudice.

I.  BACKGROUND

Plaintiff's original complaint was dismissed with leave to amend because Plaintiff failed to provide an adequate basis for the Court's exercise of jurisdiction over her claims and Plaintiff failed to state a claim showing she was entitled to relief. (April 27, 2011 Order (Doc. 7)). Plaintiff's original complaint was devoid of any factual assertions to support her claim. Not only was Plaintiff's original complaint unclear as to the identity of intended defendants,

but the complaint also failed to provide fair notice to any defendant as to her claim and the grounds upon which her claim rested. Because the complaint might have been cured by the allegation of other facts, the Court granted Plaintiff an opportunity to file an amended complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). In such circumstance, the Court should not advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

When dismissing Plaintiff's original complaint with leave to amend, the Court instructed Plaintiff that any amended complaint:

> must identify the defendant(s) against whom she is bringing this action. If Plaintiff files an amended complaint, she must state the basis for the Court's jurisdiction. Additionally, if Plaintiff files an amended complaint, she must write short, plain statements telling the Court: (1) the specific conduct or actions which she feels violated the law; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff must repeat this process for each named Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated the law are not acceptable and will be dismissed. Plaintiff's amended complaint should also state the relief she seeks. *See* Fed.R.Civ.P. 8(a)(3).

(April 27, 2011 Order, p. 6).

II.     Plaintiff's Amended Complaint

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must dismiss any complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

A.      Standard

A complaint is to contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction...;

- 2 -

   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(b). Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether the plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1307 n.1 (D.C. Va. 1981). Enforcement of Rule 10 is discretionary with the court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See Benoit v. Ocwen Financial Corp., Inc.,* 960 F.Supp. 287 (S.D. Fla. 1997), *aff'd,* 162 F.3d 1177 (11th Cir. 1998)(compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and it was impossible to determine nature of claims).

  To survive dismissal for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telasaurus VPC, LLC. v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010), *cert. denied* __ U.S. __, 132 S.Ct. 95 (2011), (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Determining plausibility is a "context-specific task..." that requires the court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although the court must construe the complaint in the light most favorable to the plaintiff, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...." *Id.* at 678. Further, the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 556 (2007)); *see also Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981) (although the complaint is generally construed favorably to the pleader, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). "Nor does a complaint suffice if it tenders

1  'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* at 678 (*quoting*
2  *Twombly,* 550 U.S. at 557). Moreover, the complaint must contain a statement of the claim
3  showing that the plaintiff is entitled to relief "rather than a blanket assertion[] of entitlement
4  to relief." *Twombly,* 550 U.S. at 556 n.3 (*citing* Fed.R.Civ.P. 8(a)(2)). "[O]nce a claim has
5  been stated adequately, it may be supported by showing any set of facts consistent with the
6  allegations in the complaint." *Id.* at 563. "[F]actual allegations must be enough to raise a
7  right to relief above the speculative level,...on the assumption that all the allegations in the
8  complaint are true (even if doubtful in fact)...." *Id.* at 555-56 (citations and footnote omitted);
9  *see also Iqbal*, 556 U.S. 662 (interpreting Rule 8(a) and explaining that there must be
10 specific, non-conclusory factual allegations sufficient to support a finding by the court that
11 the claims are more than merely possible, they are plausible.)

12 When, as in the instant case, the plaintiff is *pro se,* the complaint must be liberally
13 construed in the interests of justice. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se*
14 pleadings are held to "less stringent standards than formal pleadings drafted by lawyers...");
15 *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (*Iqbal and Twombly* "did not alter courts'
16 treatment of *pro se* filings; accordingly we continue to construe *pro se* filings liberally....");
17 *Johnson v. Reagan,* 524 F.2d 1123, 1124 (9th Cir. 1975)("Pleadings should be liberally
18 construed in the interests of justice, particularly when a pleader is not learned in the law.").
19 Nonetheless, *"[p]ro se* litigants must follow the same rules of procedure that govern other
20 litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran,* 46
21 F.3d 52 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se*
22 litigants are bound by the rules of procedure.").

23    B.    Analysis

24 In her Amended Complaint, Plaintiff alleges that her "civil rights were violated and
25 the ES. Dept Discriminated against me job wise for eight years and Gordy Powell Director
26 of ES[.] Dept and Martine Olivarra were responsible for that." (Amended Complaint, p.1).
27 Pursuant to Rule 8(a)(1), the complaint must contain a short and plain statement of the
28 grounds for the Court's jurisdiction. Fed.R.Civ.P. 8(a)(1). *See also Kokkonen v. Guardian*

*Life Ins. Co.,* 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction). In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the relief she seeks that falls within this Court's jurisdiction.

Under the heading of "Jurisdiction" in the Complaint, Plaintiff has written "[i]t is the jurisdiction of this court to hear and decide this case." (Amended Complaint, p.1). This is not a jurisdictional basis for an action in federal court. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Plaintiff was advised, for example, that if she is suing pursuant to federal statute, she should cite the statute(s). (*See* April 27, 2011 Order, p. 4).

It is a well-settled tenet that a complaint must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted). Conclusory and vague allegations will not support a cause of action, nor can liberal construction of a complaint supply essential elements necessary to sustain a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The complaint must contain sufficient details so that this Court can determine whether or not a justiciable claim exists as to each defendant. Moreover, under 28 U.S.C. §1915(e)(2)(B)(ii), the Court "shall dismiss the case..." if the Court determines that the complaint fails to state a claim upon which relief may be granted.

Like her original complaint, Plaintiff's Amended Complaint is devoid of any factual assertions to support her claim. While Rule 8 does not demand detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678. In the Court's Order dismissing Plaintiff's original complaint, Plaintiff was advised that her amended complaint must contain

> short, plain statements telling the Court: (1) the specific conduct or actions which she feels violated the law; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff must repeat this process for each named Defendant. If Plaintiff fails to affirmatively link the

- 5 -

> conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated the law are not acceptable and will be dismissed.

(April 27, 2011 Order, p. 6). Although Plaintiff has now identified the Defendants she claims harmed her, Plaintiff has failed to describe the conduct of Defendants that resulted in a violation of Plaintiff's civil rights. Further, nowhere from the Amended Complaint can the Court glean what rights were violated. Instead, Plaintiff has merely presented conclusory allegations that her rights were violated by Gordy Powell and Martine Olivarra. Plaintiff's Amended Complaint, like her original complaint, fails to provide *any* notice of what her claim is and the grounds upon which her claim rests. *See Twombly,* 550 U.S. at 555. Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

### III.   CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Moreover, after careful consideration of the instant matter, the Magistrate Judge recommends that this action be dismissed in its entirety. The Court has previously granted Plaintiff the opportunity to file an amended complaint to state a claim upon which relief may be granted. For the reasons set forth above and having afforded Plaintiff the benefit of a liberal construction entitled to *pro se* litigants, Plaintiff's Amended Complaint still suffers from the same defects as her original complaint. Plaintiff again fails to provide any factual or legal basis to support a claim for relief; instead, she sets forth the same conclusory statements contained in her original complaint. *See Iqbal,* 556 U.S. at 678. Such conclusory allegations will not support a cause of action. *Id.* There is no suggestion on the instant record that Plaintiff would or could cure the defects if given yet another opportunity to amend her complaint.

### IV.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that Plaintiff's Amended Complaint (Doc. 8) and this action in its entirety be dismissed without prejudice.

1 Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil
2 Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of
3 Arizona, any party may serve and file written objections within fourteen (14) days after being
4 served with a copy of this Report and Recommendation. A party may respond to another
5 party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P.
6 72(b)(2). If objections are filed, the parties should use the following case number: **CV 11-**
7 **167-TUC-FRZ**.

8 Failure to file timely objections to any factual or legal determination of the Magistrate
9 Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*
10 *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S.
11 900 (2003).

12 DATED this 26th day of April, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge

- 7 -